UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW FORD, )
)
       Petitioner, )
)
v. ) CAUSE NO. 3:17-cv-709-RLM-MGG
)
SUPERINTENDENT, )
)
       Respondent. )

OPINION AND ORDER

Andrew Ford, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 17-07-12) where the disciplinary hearing officer found him guilty of possession of a cell phone in violation of Indiana Department of Correction policy A-121. ECF 1 at 1. He was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Ford identifies six grounds that he claims entitle him to habeas corpus relief.

Prisoners facing loss of earned credit time in a prison disciplinary hearing are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563 (1974).

To satisfy due process, there must be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

In Ground One, Mr. Ford argues that he is entitled to habeas corpus relief because the officer who discovered the cell phone in his cell was the same officer who issued him a conduct report. Mr. Ford argues that this created a conflict of interest. Prisoners have a due process right pursuant to Wolff to an impartial *fact-finder*, so a prison official who was personally and substantially involved in the underlying incident can't act as a decision-maker in the case. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). But prisoners don't have a right to an impartial *reporting* officer. In fact, the reporting officer is very likely to be the same officer who witnessed the misconduct first-hand. Because Mr. Ford didn't have a due process right to have his conduct report issued by an officer who was not involved in the underlying incident, Ground One doesn't identify a basis for habeas corpus relief.

In Ground Two, Mr. Ford argues that the timing of his disciplinary hearing was not in compliance with Department of Correction policy. Mr. Ford argues that under Department of Correction policy, he was entitled to have his disciplinary hearing held within seven days of receiving notice of the disciplinary charges. The Department of Correction's failure to follow its own policy doesn't amount to a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F.

App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Mr. Ford didn't have a federal due process right to a "speedy' disciplinary hearing. See e.g. U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr., 635 F.2d 656, 658 (7th Cir. 1980) (prisoner's due process rights were not violated by two-month delay between offense and disciplinary hearing); Peters v. Anderson, 27 F. App'x 690, 692 (7th Cir. 2001) (unpublished) ("the delay was more likely to have enhanced than impeded [prisoner's] ability to marshal a defense"). Under Wolff, Mr. Ford was entitled to at least 24-hours' advance notice of the charges against him before his disciplinary hearing was held. He received notice of the charges on July 7, 2017 and his hearing was held on July 21, 2017. ECF 1-1 at 2, 5. Mr. Ford received adequate notice of the charges against him, and Ground Two doesn't identify a basis for habeas corpus relief.

Mr. Ford argues in Grounds Three and Six that clerical errors on his screening report and conduct report entitle him to habeas relief. In Ground Three, Mr. Ford argues that his Department of Correction identification number was changed on the screening report, and the report doesn't indicate who made the change. In Ground Six, Mr. Ford argues that a spelling error was corrected in his conduct report, and the report does not indicate who made the change. The correction of these minor errors didn't implicate any of the due process rights identified in Wolff. Grounds Three and Six don't identify a basis for habeas corpus relief.

3

In Ground Four, Mr. Ford argues that he shouldn't have received two separate conduct reports for two items of contraband discovered in his cell because the contraband was hidden in the same spot and was discovered at the same time. The Department of Correction was free to charge Mr. Ford for each of his individual transgressions, whenever they were discovered. Ground Four doesn't identify a basis for habeas corpus relief.

Mr. Ford argues in Ground Five that his sanctions exceeded the maximum permissible sanction for the infraction he committed. He is incorrect. Mr. Ford was charged and found guilty of committing a Level A offense. Department of Correction policy states that the maximum allowable sanction for a Level A offense is a 1-grade demotion in Credit Class and a 120 day loss of earned credit time. Disciplinary Code for Adult Offenders. [http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders__6-1-2015.pdf.](http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders__6-1-2015.pdf.) Mr. Ford was demoted from Credit Class 1 to Credit Class 2, and lost 120 days earned credit time. While Mr. Ford received the maximum allowable sanction for his offense, the sanctions were within the permitted range. See United States ex rel. Long v. Pate, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence"). Ground Five isn't a basis for habeas corpus relief.

For these reasons, the court DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: October 4, 2017.         /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court